UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| HUNTER JENKINS AND DONNA CHAISSON | CIVIL ACTION |
| VERSUS | NO: 10-4274 |
| SERVICE CORPORATION INTERNATIONAL, ET. AL. | SECTION: J(5) |

**ORDER AND REASONS**

Before the Court are Plaintiffs' **Motion to Remand (Rec. Doc. 19)**, Defendants' **Memorandum in Opposition (Rec. Doc. 30)**, and Plaintiffs' **Reply in Support (Rec. Doc. 32)**.

**PROCEDURAL HISTORY AND BACKGROUND FACTS**

This case involves a class action lawsuit by Defendants' employees for unpaid wages. Plaintiffs initially filed their Louisiana state law claims along with their Fair Labor Standards Act ("FLSA") claims in an action filed in the Western District of Pennsylvania. The court in Pennsylvania declined to exercise supplemental jurisdiction over any of the state law claims alleged in the action, so Plaintiffs reasserted their state law

1

claims in an action filed in California state court. This action included the state law claims of employees in every state where Defendants do business, including Louisiana. Plaintiffs did not move for certification of the state law claims of employees in Louisiana, so the Northern District of California, after removal to federal court, granted the parties' Stipulation and Order dismissing those claims without prejudice. Plaintiffs have also filed claims in Arizona, Virginia, and several other states, and they commenced this action on October 5, 2010, in the Civil District Court for the Parish of Orleans as a class action alleging violations of various state common laws. Defendants removed this action to this Court on November 8, 2010, relying on diversity jurisdiction under 28 U.S.C. § 1332(a) and the Class Action Fairness Act ("CAFA") as its bases for federal jurisdiction.

## THE PARTIES' ARGUMENTS

In their Motion to Remand (Rec. Doc. 19), Plaintiffs argue that Defendants have not met their burden of proving the requisite amount in controversy by a preponderance of the evidence, so federal jurisdiction does not exist. Plaintiffs state that federal diversity jurisdiction under 28 U.S.C. § 1332(a) is not applicable because the instant action is a class

action, so the jurisdictional rules under CAFA apply.  However, even if the Court finds that federal diversity jurisdiction is applicable, Defendants have failed to establish that the amount in controversy exceeds $75,000 because their assertions are based upon mere speculation.  Similarly, Plaintiffs argue that Defendants have not met their burden of proving that federal jurisdiction exists under CAFA because they have failed to establish that the proposed class has at least 100 members or that the amount in controversy exceeds $5 million, both required elements of CAFA jurisdiction.  Plaintiffs state that Defendants' attempts to prove these jurisdictional elements under CAFA are based on assumptions and speculations that are not supported by facts and evidence.

In their Memorandum in Opposition (Rec. Doc. 30), Defendants argue that this Court has jurisdiction over this action pursuant to CAFA because there is minimal diversity between the putative class and Defendants, the size of the putative class is well in excess of 100 individuals, and the amount in controversy between the parties is at least $5 million.  Defendants support their argument by analyzing Plaintiffs' numerous FLSA and wage claims against Defendants in multiple courts around the country.

Defendants note (1) the lack of geographical boundaries

specified by Plaintiffs when describing the affected employees of Defendants; (2) the fact that Plaintiffs did not challenge the removal to federal court based upon CAFA in the California litigation; (3) the virtually identical complaints in the Arizona and Virginia actions to the present lawsuit; (4) the total number of affected employees listed by Plaintiffs in the Arizona litigation (a total of 10,645); (5) Plaintiffs' allegation in the California lawsuit that the size of the class would approach 10,000 employees; (6) discovery responses by Plaintiffs' in other civil actions regarding the amount of their wage claims in order for Defendants to calculate the average wage claims for the entire class; (7) the fact that the present amount in controversy also includes Plaintiffs' demand for attorneys' fees; (8) the fact that Plaintiffs also demand injunctive relief, and the costs to Defendants of complying with such an order are part of the amount in controversy; and (9) the fact that the current action is a continuation of Plaintiffs' efforts over the past four years, as well as the recent sixteen additional actions filed against Defendants in state courts around the country. Defendants argue that they have met their burden of proof under CAFA by making reasonable calculations based upon all of this available evidence that is included in Plaintiffs' own pleadings

and discovery responses, and Plaintiffs' conclusory statements in response are not persuasive.

In their Reply in Support (Rec. Doc. 32), Plaintiffs reassert that Defendants calculations are based on speculation. They then attempt to distinguish some of the cases and other lawsuits relied upon by Defendants and argue that Defendants have not disclosed the facts upon which their amount in controversy calculations are based.

## DISCUSSION

Generally, a defendant may remove a civil action filed in state court if a federal court would have had original jurisdiction.  See 28 U.S.C. § 1441(a).  Original diversity jurisdiction is appropriate where the matter in controversy exceeds $75,000 and is between citizens of different states.  28 U.S.C. § 1332(a)(1).  A defendant bears the burden of proving by a preponderance of the evidence that jurisdiction exists.  De Aguilar v. Boeing Co., 47 F.3d 1404, 1412 (5th Cir. 1995).  The jurisdictional facts supporting removal are examined as of the time of removal.  Gebbia v. Walmart Stores, Inc., 233 F.3d 880, 883 (5th Cir. 2000).  When the amount of damages is not specified in the petition, a defendant can rely on the face of the complaint if it is apparent that the amount in controversy is

enough. De Aguilar, 47 F.3d at 1412. Alternatively, a defendant can rely on summary judgment type evidence of facts in controversy that establish the jurisdictional amount. Id. After a defendant has met his burden, the plaintiff must prove to a legal certainty that his recovery will not exceed the jurisdictional amount to a obtain a remand. Id. A defendant must do more than point to a state law that might allow the plaintiff to recover more than he pled. Id. The removal statutes should be strictly construed in favor of remand. Manguno v. Prudential Prop. and Cas. Ins. Co., 276 F.3d 720, 723 (5th Cir. 2002).

Because the parties seek to establish, or oppose, federal jurisdiction under CAFA, the diversity jurisdiction requirements of 28 U.S.C. § 1332(a) do not need to be addressed. Under CAFA, federal courts have original diversity jurisdiction over a class action whenever (1) minimal diversity exists between the parties, (2) the proposed class has at least 100 members in the aggregate, and (3) the amount in controversy exceeds $5 million, exclusive of interest and costs. 28 U.S.C. § 1332(d)(2), (5)(b), and (6) (2010). In this case, the parties agree that there is minimal diversity, so the first CAFA requirement does not need to be addressed. Regarding the remaining two requirements under CAFA,

the Court finds that Defendants have met their burden of proving by a preponderance of the evidence that the proposed class has at least 100 members and that the amount in controversy exceeds $5 million.  Although the number of class members and the amount in controversy may not be apparent from the face of Plaintiffs' complaint, Defendants have effectively used other evidence to establish the existence of these CAFA requirements for diversity jurisdiction.  Moreover, Plaintiffs have failed to prove to a legal certainty that the total number of class members is less than 100 and that their recovery will not exceed $5 million in order to rebut Defendants calculations and obtain a remand.

Even if diversity jurisdiction is not established under CAFA, the Court finds that such jurisdiction exists under 28 U.S.C. § 1332(a).  The parties do not dispute that complete diversity among the parties exists, and the $75,000 amount in controversy requirement has been persuasively established through the evidence used by Defendants to prove that the amount in controversy requirement under CAFA has been met.

The Court finds that federal diversity jurisdiction under CAFA and 28 U.S.C. § 1332(a) is appropriate.  Accordingly, Plaintiffs' **Motion to Remand (Rec. Doc. 19)** is **DENIED**.

New Orleans, Louisiana, this 22nd day of December, 2010.

_____
CARL J. BARBIER
UNITED STATES DISTRICT JUDGE